```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | | |
|---|---|---|
| MIGUEL ANGEL SEGURA-FARFAN, | : | MOTION TO VACATE |
| BOP ID 60698-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:14-CV-2866-ODE-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:09-CR-64-3-ODE-ECS |

**FINAL REPORT AND RECOMMENDATION**

In September 2009, Miguel Angel Segura-Farfan entered a non-negotiated plea of guilty to an Indictment charging him with (1) conspiracy to possess with intent to distribute at least five kilograms of cocaine, (2) possession with intent to distribute at least five kilograms of cocaine, and (3) illegal re-entry into the United States after having been deported and removed. See [Doc. Nos. 35, 124-3]. In January 2010, Mr. Segura-Farfan was sentenced to a twenty-five year term of imprisonment. See [Doc. No. 132]. Mr. Segura-Farfan did not appeal.

In July 2013, Mr. Segura-Farfan wrote this Court requesting a copy of the docket sheet, to which the Clerk responded. See [Doc. No. 179]. Then, on August 26, 2014 - more than thirteen months after requesting the docket sheet and more than four-and-a-half years after he was sentenced - Mr. Segura-Farfan submitted the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28

U.S.C. § 2255" that is now pending before the Court. See [Doc. No. 1].

It is ordinarily the case that a federal inmate must file a § 2255 motion within a year of the date that judgment against him becomes final. See 28 U.S.C. § 2255(f)(1). Mr. Segura-Farfan did not do that, so he now argues that his deadline to file a § 2255 motion should be extended for one or more of three reasons.

First, Mr. Segura-Farfan argues that § 2255(f)(4) applies and that the one-year limitations period was tolled until "the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence." More particularly, Mr. Segura-Farfan contends that he has known for less than a year that his attorney did not file an appeal on his behalf. But that claim is directly contradicted by the record. Even assuming that Mr. Segura-Farfan never learned in the three-and-a-half years between his sentencing in January 2010 and the date he requested the docket sheet from this Court in July 2013 that no direct appeal was ever filed in his case, he would have learned that fact in July 2013 if he followed through on his request for the docket sheet,[1] so his August 2014 § 2255 motion is untimely,

---

[1] The Clerk responded to Mr. Segura-Farfan's letter by advising him what he had to do to obtain a copy of the nine-page docket. [Doc. 179]. There is no indication

even under § 2255(f)(4). Moreover, by waiting more than three-and-one-half years to even request the docket sheet in his case, Mr. Segura-Farfan did not "exercise . . . due diligence" in investigating and learning that no appeal had ever been filed on his behalf.

As a corollary to his § 2255(f)(4) argument, Mr. Segura-Farfan contends that he is entitled to "equitable tolling." However, because it is clear that he did not exercise even "reasonable diligence" when he waited more than three-and-a-half years to before even beginning to inquire whether a direct appeal had been filed in his case, it is also clear from the record that Mr. Segura-Farfan is not entitled to equitable tolling, either. See Holland v. Florida, 560 U.S. 631, 653 (2010).

Second, Mr. Segura-Farfan argues that the statute of limitations for § 2255 motions should not apply in this case because he is "actually innocent." While it is true that "actual innocence, if proved, serves as a gateway through which a petition may pass [if] the impediment is . . . expiration of the statute of limitations, . . . , tenable actual innocence gateway plea are rare." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Indeed, tenable actual innocence pleas require that a petitioner

---

whether he followed up on his request for a docket.

"persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (2006). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324. And "claims of actual innocence are rarely successful." Id.

The "evidence" that Mr. Segura-Farfan proffers in support of his claim of "actual innocence" consists of (1) his supposition that no "actual grand jury considered or voted to indict" him and (2) his assertion that "his mere association with co-conspirators (or conspirators) does not establish his participation in the conspiracy." [Doc. No. 196 at 15]. This does not constitute - or suggest the existence of - "evidence" that meets the Schlup v. Delo standard.

Third, and finally, Mr. Segura-Farfan asks that his § 2255 motion receive "nunc pro tunc consideration." [Doc. No. 195 at 16]. In support of that argument, Mr. Segura-Farfan cites Anthony v. Cambra, 236 F.3d 568 (9th Cir. 2000). However, as the United States Court of Appeals for the Ninth Circuit pointed out in that case, nunc pro tunc consideration of amendments filed in that case

4

and in the cases cited therein related back to earlier filed habeas petitions that had been "erroneously dismissed." 236 F.3d at 574. Mr. Segura-Farfan's § 2255 motion is the <u>only</u> one he has filed, and it does not relate back to any erroneously dismissed motion. There is no basis here for "nunc pro tunc consideration."

Because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief," this Court "must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4. Accordingly, the undersigned **RECOMMENDS** that Mr. Segura-Farfan's § 2255 motion be **SUMMARILY DISMISSED**.

The undersigned further **RECOMMENDS** that a Certificate of Appealability ("CoA") be **DENIED** because Mr. Segura-Farfan does not meet the requisite standard for the issuance of a CoA. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 19th day of September, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

5