
FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 22 2014

James N. Hatten, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL SEGURA-FARFAN, BOP ID 60698-019, Movant, | : : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : | CIVIL ACTION NO. 1:14-CV-2866-ODE |
| UNITED STATES OF AMERICA, Respondent. | : : : | CRIMINAL ACTION NO. 1:09-CR-64-3-ODE |

## ORDER

This matter is before the Court on Miguel Angel Segura-Farfan's "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" [Doc. 196], the magistrate judge's "Final Report and Recommendation" recommending dismissal and denial of a Certificate of Appealability (the "Final R&R") [Doc. 197], Mr. Segura-Farfan's "Motion for an Extension of Time to File Objections" [Doc. 199], and Mr. Segura-Farfan's "Objections" [Doc. 200].

Mr. Segura-Farfan's "Motion for an Extension of Time to File Objections" is **GRANTED** nunc pro tunc.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (internal quotation marks and citation omitted). Where objections are made, a district judge "shall make a de novo determination of those portions of the
AO 72A
(Rev.8/82)

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (the district judge must "give fresh consideration to those issues to which specific objection has been made by a party") (internal quotation marks and citation omitted).

Mr. Segura-Farfan makes two specific objections. First, he complains that his greater than four-year delay in filing his § 2255 motion is entirely his former counsel's fault. See [Doc. 200 at 1-2]. Second, he argues that the Supreme Court has provided no guidance as to how a habeas corpus petitioner may demonstrate "actual innocence" and that he is, in any event, "actually innocent" because he was never indicted by a grand jury. See [Doc. 200 at 2-5].

Mr. Segura-Farfan does not, however, respond in his Objections to the finding in the Final R&R that even if his counsel did not promptly mail him his case file when asked to do so, it is still clear from the record that Mr. Segura-Farfan knew <u>for more than a year</u> before filing his § 2255 motion that no direct appeal had ever been filed on his behalf. See [Doc. 197 at 2-3]. The Court agrees with the Final R&R's conclusion that Mr. Segura-Farfan is entitled to neither statutory, nor equitable tolling sufficient to render his § 2255 motion timely. Accordingly, Mr. Segura-Farfan's first

2

AO 72A
(Rev.8/82)

objection is **OVERRULED**.

Nor does Mr. Segura-Farfan address the fact that the docket in his criminal case contains a copy of his Indictment, signed by the foreman of the Grand Jury that returned it. See [Doc. 35]. Thus, the record plainly contradicts Mr. Segura-Farfan's claim that no grand jury indicted him. Moreover, while the Supreme Court has not provided an all-inclusive list of the sort of evidence required to prove an "actual innocence" claim, it has, as the Final R&R stated, provided clear guideposts, and Mr. Segura-Farfan has failed to proffer any evidence that might be adequate to demonstrate "actual innocence." See [Doc. 197 at 3-4 (quoting and citing McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), and Schlup v. Delo, 513 U.S. 298 [1995][1])]. Because this objection is plainly frivolous, it is **OVERRULED**.

In sum: Mr. Segura-Farfan's Objections do not demonstrate that any finding of fact or conclusion of law in the Final R&R is incorrect. Therefore, the Court (1) **APPROVES** and **ADOPTS** the Final R&R as the Order of the Court, (2) **DISMISSES** Mr. Segura-Farfan's § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, and (3) **DENIES** a Certificate of Appealability.

---

[1] Erroneously cited as 2006 in the Final R&R.

**SO ORDERED**, this 22 day of October, 2014.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)